IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICK SHEVCHYNSKI,

        Plaintiff,        Civil No. 07-6077-TC

        v.        FINDINGS AND RECOMMENDATION and ORDER

LYLE VELURE, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed for failure to state a claim.

Plaintiff filed a complaint under 42 U.S.C. § 1983 and §

1 - FINDINGS AND RECOMMENDATION

1988 alleging that defendants conspired to violate his First Amendment and Fourteenth rights. All of the named defendants are state court judges.[1] Plaintiff seeks money damages and injunctive relief.

Plaintiff alleges that defendants Velure and Merten "first insisted on approving his legal action before allowing him to proceed" in forma pauperis in a state court legal proceeding.

It is well settled that judges are absolutely immune from liability for damages for judicial acts performed in their judicial capacity. <u>Mireles v. Waco</u>, 502 U.S. 9 (1991); <u>Forrester v. White</u>, 484 U.S. 219, 225-26 (1987); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978); <u>Sherman v. Babbit</u>, 772 F.2d 1476, 1477 (9th Cir. 1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." <u>Stump</u> 435 U.S. at 356-57; <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir), <u>cert. denied</u>, 488 U.S. 995 (1988). A judge lacks immunity only when performing an act that is not "judicial" in nature, or when acting "in a clear absence of all

---

[1] Plaintiff also names "John and Jane Doe" defendants.

2 - FINDINGS AND RECOMMENDATION

jurisdiction." Stump, 435 U.S. at 356-57; Schucker, 846 F.2d at 1204.

Courts should construe the term "jurisdiction" broadly when making a judicial immunity inquiry. See, Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam); Ashleman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986)(en banc).

To determine whether an action is judicial, courts focus on whether (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers or courtroom; the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Ashleman v. Pope, 793 F.2d at 1075; see also, Stump v. Sparkman, 435 U.S. at 362.

Applying these factors to the alleged circumstances of this case, I find that defendants' alleged conduct was a judicial act for which they are entitled to absolute immunity from liability for damages. Therefore, plaintiff's claim for money damages should be dismissed.

To state a claim for a civil rights conspiracy, plaintiff must allege an express or implied agreement among the

3 - FINDINGS AND RECOMMENDATION

defendants to deprive the plaintiff of his constitutional rights and a deprivation of those rights in the form of overt acts in furtherance of the agreement. Where no such specific acts are alleged, the complaint must be dismissed for failure to state a claim. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1990); <u>Jones v Community Redevelopment Agency</u>, 733 F.2d 646 (9th Cir. 1984).

In this case, plaintiff's conclusory allegation that defendants conspired to violate his civil rights is insufficient to state a claim under 42 U.S.C. § 1983, and should be dismissed.

Plaintiff also seeks declaratory and injunctive relief concerning defendants "interfering with plaintiff's exercise of his First Amendment rights."

Where a plaintiff seeks declaratory and/or injunctive relief, judges (in their official capacities) may be proper defendants. <u>See</u>, <u>Wolfe v. George, et al.</u>, Civ. No. 05-16674, (9th Cir. April 30, 2007).

However, in this case, I find that plaintiff has failed to state a constitutional claim because plaintiff does not allege that he was denied in forma pauperis status or otherwise prevented from proceeding with his claim. He merely

4 - FINDINGS AND RECOMMENDATION

alleges that defendants Merten and Velure "first insisted on approving his legal action before allowing him to proceed." Under these circumstances, plaintiff's First Amendment rights were not significantly impinged.

It is not at all unusual for judges to review a complaint to determine whether it states a claim on its face before waiving the filing fee and allowing the matter to proceed. We do this routinely, for example in pro se prisoner litigation where requests for fee waivers are made. Indeed, the court is doing exactly that in the instant case.

Plaintiff's Fourteenth Amendment claim also fails. Pro se litigants are not a suspect class meriting strict scrutiny. Ortwein v. Schwab, 410 U.S. 656, 660 (1973) (per curiam); See also, Rodriguez v. Cook, 169 F.3d 1176 (9th Cir. 1999) [indigent prisoners are not a suspect class]. Thus, in order to be constitutional, the "rule" challenged by plaintiff must only be "rationally related to a legitimate state purpose." Pennell v. City of San Jose, 485 U.S. 1, 14 (1988); United States v. Klas, 409 U.S. 434, 444 (1973).

Plaintiffs do not have a constitutional right to file frivolous litigation. Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973). "Just as false statements are not immunized by the

5 - FINDINGS AND RECOMMENDATION

First Amendment right to freedom of speech ... baseless litigation is not immunized by the First Amendment right to petition." <u>Bill Johnson's Rests., Inc. v. NLRB</u>, 461 U.S. 731, 734 (1983).

Budget concerns are a legitimate governmental interest. <u>See</u>, <u>Rodriguez v. Cook</u>, <u>supra</u> at p. 1181. I find that curbing the cost of frivolous litigation at taxpayer expense is rationally related to a legitimate governmental interest.

Based on all of the foregoing, I find that plaintiff's complaint fails to state a claim cognizable under 42 U.S.C. § 1983 and should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right

6 - FINDINGS AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 8 day of May, 2007

*[signature]*

Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION